UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ELVIA HEREDIA, | ) No. CV 11-08103-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") gave proper

weight to the opinions of Plaintiff's treating physician. (JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT IMPROPERLY DISCOUNT THE WEIGHT**

**TO BE ACCORDED TO THE OPINION OF DR. TAW**

In Plaintiff's first issue, she asserts the ALJ did not give proper weight to the opinions of her treating physician, Dr. Taw.

Initially, the question to be determined is whether Dr. Taw was a treating, examining, or non-examining physician. Plaintiff asserts that Dr. Taw should be characterized as a treating physician based on a letter that he wrote addressed "to whom it may concern," described as a "Disability letter for [Plaintiff]," dated March 23, 2009, which is accompanied by a "check the box" form entitled "Physical Capacities Evaluation" that provides Dr. Taw's opinion, as of March 30, 2009, concerning Plaintiff's physical functional abilities. (AR 658-659.) While Plaintiff makes reference to Dr. Taw's own physical examination of Plaintiff, which she asserts can be inferred from his letter, this simply reads too much into it. Dr. Taw would seem to be summarizing medical records from the facility with which he is associated, but none of those medical records are included in the AR and Dr. Taw's "check the box" form is not supported by any apparent objective testing. It is quite fundamental in Social Security law that such conclusory or otherwise seemingly unsupported conclusions are to be

given little weight in the disability evaluation. See Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)(citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ instead largely relied upon the testimony of Medical Expert ("ME"), Dr. Nafoosi. As the Commissioner notes, the ALJ's decision sets forth a detailed analysis of the existing medical evidence of record, and the reasons for the ALJ's reliance on Dr. Nafoosi's interpretation of those records. Dr. Nafoosi's conclusions are consistent with this evidence in the record, and as such, the ALJ could properly rely upon them. See Thomas v Barnhart, 278 F.3d 947, 956-957 (9th Cir. 2002).

More importantly, the Court notes that the ALJ did not contradict Dr. Taw's conclusion that Plaintiff suffers from fibromyalgia, indeed finding that it one of Plaintiff's severe impairments as of January 1, 2006. (AR 16.) Moreover, based on medical evidence of record, the ALJ did assess functional restrictions in determining Plaintiff's Residual Functional Capacity ("RFC") which resulted in a conclusion that Plaintiff is capable of a very limited range of light work. (AR 20.)

The Court also notes that Plaintiff does not claim error in the ALJ's evaluation of the opinions of other physicians, including Plaintiff's treating physician Dr. Khan, which was evaluated in detail by the ALJ. (AR 23-24.) Finally, the Court agrees with the Commissioner's interpretation that Dr. Taw's letter contains generalities which are not specifically applicable to Plaintiff, but, instead, to some people who suffer from fibromyalgia (e.g., "fibromyalgia can be very debilitating, ..." [AR 658]). Other parts of Dr. Taw's report, which Plaintiff argues are consistent with the medical evidence of record, do not lead to a contrary conclusion. For

3

example, Plaintiff argues that other physicians diagnosed that Plaintiff suffers from sleep apnea, which is referenced in Dr. Taw's letter. This does not change the Court's conclusion, because the ALJ agreed that Plaintiff has sleep apnea as of January 1, 2006. (AR 16.) The issue is the extent to which Plaintiff's severe impairments contribute to functional limitations relevant to the disability analysis. In this regard, the Court can find no error in the ALJ's analysis, which is supported by substantial evidence in the record.

For the foregoing reasons, the Commissioner's decision will be affirmed. The case will be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED: June 12, 2012                    /s/
                                        VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE

4